## (April 30, 1963)

■ HELEN SCHWAMM, Respondent, v. LEWIS W. DAVIS, Appellant. — Order, entered on November 21, 1962, granting plaintiff summary judgment in an action brought to recover upon a judgment of the Circuit Court of Florida, and judgment herein, entered on December 3, 1962, unanimously affirmed, with $20 costs and disbursements to respondent. The defendant is now barred from the attack here upon the Florida judgment. It appears that, following the rendition of the order and judgment here appealed from, the defendant, by notice of motion and petition applied to the Circuit Court of Florida to vacate its said judgment and that application was denied. We have now received a certified copy of the defendant's notice and petition and of the Florida Circuit Court order denying said defendant's motion. We were entitled to receive these records for the purpose of sustaining the order and judgment appealed from. (See 8 Carmody-Wait, New York Practice, § 303, pp. 740, 741.) By his proceeding instituted in the Circuit Court of Florida, the defendant sought to vacate the Florida judgment upon the same grounds as urged here to avoid it. By his petition there he sought to vacate said judgment upon the ground that he was not "properly served with notice of the motion for entry of judgment and that the failure to give him actual notice of the proceedings, and an opportunity to be heard, rendered the said judgment void for want of procedural due process." By such proceeding, the defendant submitted himself to the jurisdiction of said court for the purpose of obtaining an adjudication as to the validity of the Florida judgment. The Florida Circuit Court, by its said order determining said proceeding, recited that it found "that the Final Judgment dated December 16, 1954, is a regular, valid judgment, properly entered by this Court", and "Ordered, Adjudged and Decreed that the defendant's, LEWIS W. DAVIS'S, Motion to Vacate Judgment Petition for Re-Hearing be and the same is hereby denied with prejudice." This determination appears

to be upon the merits and is *res judicata* and dispositive of this appeal. (See *Vander* v. *Casperson*, 16 A D 2d 881, affd. 12 N Y 2d 56.) Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.